David E. Leta (1937)
Engels Tejeda (11427)
Timothy J. Dance (11553)
**Snell & Wilmer L.L.P.**
15 W South Temple, Suite 1200
Salt Lake City, UT   84101
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800
Email:  delta@swlaw.com
         etejeda@swlaw.com
         tdance@swlaw.com

*Proposed Attorneys for Debtors*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re | Bankruptcy No. 09-30444 - WTT |
| **SNOW CANYON GOLF PARTNERS, LLC**, a Utah limited liability company, 5224 N. Winchester Hills Drive, P.O. Box 530 St. George, Utah 84770 Tax Id No. xx-xxx8885 | Chapter 11 [Filed Electronically] |
| Debtor-in-Possession | **EXPEDITED SETTING REQUESTED** |

**MOTION FOR ORDER DIRECTING THE JOINT ADMINISTRATION OF RELATED CASES IN SALT LAKE CITY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SAME**

Pursuant to Federal Rule of Bankruptcy Procedure 1015(b) and Local Rule 1015-1, Snow Canyon Golf Partners, LLC ("**Snow Canyon**"), through counsel, moves the Court for entry of an order in the form attached hereto as **Exhibit "A"**, directing the joint administration of the above-captioned Chapter 11 case with the Chapter 11 cases filed by the Debtor's affiliates, Ledges Canyon Rim, LLC ("**LCR**") and Ledges Flint Rock, LLC ("**LFR**") (collectively, Snow Canyon, LCR and LFR are sometimes referred to as the "**Debtors**").  Additionally, the Debtors request

10582361.3

that the Court hold all future hearings in Salt Lake City, Utah, unless a party-in-interest requests that the hearing be set in St. George and the Court so orders.  In support of this Motion, the Debtors state as follows:

## BACKGROUND

1.      On September 25, 2009 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code.

2.      Each of the Debtors' cases was randomly assigned to the Honorable William T. Thurman as case numbers 09-3044, 09-30445, and 09-30446 for Debtors Snow Canyon, LCR and LFR, respectively.

3.      A non-debtor entity, Ledges Partners, LLC ("**LP**"), owns a hundred percent (100%) interest in each of the Debtors.

4.      Along with other non-debtor affiliates, the Debtors own and operate parcels of real property that constitute portions of an exclusive, master planned residential community located in St. George, Utah that is generally known as "The Ledges of St. George" (the "**Development**").  The Development overlooks Snow Canyon State Park, and is one of the largest and most exclusive residential and golf club developments in St. George, Utah.

5.      Although the Debtors and affiliates individually own the parcels of land that comprise portions of the Development, the Development operates as a single business with multiple phases.  The phases in the entire Development are in various stages of completion. Some phases have been improved, while other phases have not.  A non-debtor affiliate, Ledges Development, LLC, is the primary development entity for the Development.   The real property owned by each of the Debtors has been substantially improved.  Snow Canyon owns the golf course and the personal property related thereto.  LCR and LFR each own improved lots in the Development that are being sold in the ordinary course of business.  Moreover, each Debtor affiliate shares common management and common secured creditors.  Other parcels in the

10582361.3                                              2

Development that are owned by non-debtor affiliates have different or separate secured creditors. The Debtors file a consolidated tax return with other Debtor and non-debtor affiliates through LP.  In short, the Debtors' share a common nexus of creditors and a common affiliation with the Development that compels joint administration of their respective Ch 11 bankruptcy cases.

6.      The Debtors' bankruptcy counsels are located in Salt Lake City.  Additionally, counsel for the Debtor's largest secured creditor, Bank of American Fork, is also located in Salt Lake City, Utah.

**ARGUMENT**

**I.      The Cases Should be Jointly Administered.**

7.      The Court should order the joint administration of the Debtors' Chapter 11 cases. Rule 1015(b) provides, in pertinent part, "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  "Generally, an affiliate will include any entity that has a close relationship with the debtor."  *In re H & S Transportation Company, Inc*., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982).[1]  "This broad definition of affiliate is designed primarily 'to help the bankruptcy court to administer economically and efficiently different estates with substantial interest in common.'"  *Id*. (quoting *In re Brookhollow Assocs.*, 435 F.Supp. 763, 766 (D. Mass. 1997)) (interpreting Rule 1015's and § 101(2)(B)'s substantially identical predecessors).  Accordingly, "[j]oint administration is common when a consolidated group of corporations files for bankruptcy relief."  9 Collier on Bankruptcy ¶ 1015.03 (15th ed. rev. 2009).

---

[1]      The Code defines "affiliate" to include a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote 20 percent or more of the outstanding securities of the debtor . . ." 11 U.S.C. §101(2)(B).  For purposes of Rule 1015, this definition is read broadly. *See H&S Transportation*, 55 B.R. at 791.  Thus, for purposes of Rule 1015(b), a limited liability company is sufficiently similar to a "corporation" as defined in § 101(2)(B) and thus such entities are "affiliates" under the Code.

8.      "Joint administration may involve the use of a single docket for administrative matters, 'and the joint handling of other purely administrative matters hat may aid in expediting the cases and rendering the process less costly.'"  9 Collier on Bankruptcy ¶ 1015.01 (quoting 1983 Advisory Committee Note to Fed. R. Bankr. P. 1015).

9.      Here, joint administration of the Debtors' Chapter 11 cases is warranted.  The Debtors are "affiliates" of one another because a single entity, LP, owns a hundred percent (100%) interest in each of the Debtors.  Additionally, the Debtors have historically operated as units or phases of the overall Development.  They have common management and have common creditors.  Thus, the Debtors have "a close relationship" with one another and their Chapter 11 cases may be jointly administered under Rule 1015. *See H&S Transportation*, 55 B.R. at 791.

10.      Furthermore, joint administration of the Debtors' cases will further Rule 1015(b)'s goals.  Joint administration will substantially reduce costs to the Debtors, creditors, and other parties in interests, by, for example, reducing the number of dockets they have to monitor from three to one.  Joint administration will allow the Debtors to seek certain commonly desired reliefs in a single pleading.  For example, whereas each of the Debtors currently has to file a separate motion to retain counsel, they could jointly move for such relief in one jointly-administered case.  In short, the ability to seek common relief in a single pleading will lower administrative costs to the Debtors' estates.

11.      Simultaneously, joint administration will benefit the Office of the United States Trustee and the Debtors' creditors by, among other things, reducing to a single docket the three dockets they would otherwise have to monitor.  Creditors of multiple Debtors may avoid the expense of filing multiple versions of pleadings that are identical but for their caption.  And if the cases are jointly administered, all creditors of all three Debtors will receive notices of all appropriate filings in the cases.  This will assure that creditors will receive information that potentially affects their claims even if they would not receive the same had the cases proceeded

separately.  In sum, joint administration of the Debtors' cases is appropriate and beneficial to all parties in interest.

**II.      The Court Should Transfer The Cases to Salt Lake City, Utah.**

12.      The Court should also order that all future hearings will be held in Salt Lake City, Utah, unless otherwise specified by Court order or in the corresponding notice of hearing. Although the Debtor's real property is located in St. George, Utah, the Debtors' counsel, and the counsel for the Debtors' major secured creditor, are located in Salt Lake City, Utah.  All of the Debtors' personnel will be available to attend hearings in Salt Lake City as needed, as will likely be all representatives of the Debtors' major creditors.

**13.**      When necessary, and upon the request of a moving or objecting party, the Court may direct that an evidentiary hearing be set in St. George.  Otherwise, the estate should be spared the additional costs associated with traveling to St. George when the matter can be heard in Salt Lake City.

**CONCLUSION AND RELIEF REQUESTED**

14.      Based on the foregoing, the Debtors request entry of an order in the form attached hereto as **Exhibit "A"** providing as follows:

a.      <u>Pleadings</u>: Except for the individual Debtors' schedules and statement of financial affairs, and proofs of claims filed by creditors, all papers, pleadings, monthly operating reports, and orders should be filed in case number 09-30444, using a caption substantially conforming to the caption attached as **Exhibit "B"**;

b.      <u>Mailing Matrixes</u>: The Debtors should combine their respective mailing matrixes and file the same as an amendment to the mailing matrix currently on file in case number 09-30444.  At any time after entry of an order granting this motion, all notices to be served upon the mailing matrix of any one of the Debtors should be served upon the combined mailing matrix.

c.      Schedules and SOFA: Each of the Debtors should file its schedules and statement of financial affairs in its own case.

d.      Proofs of Claim: The Debtors are separate entities and their petitions created separate substantive estates.  Accordingly, proofs of claims should be filed in each case in which the filing creditor is asserting a claim.  The proof of claim should identify in the caption the name of the Debtor against which it is filed.  Creditors having multiple claims against multiple Debtors should file multiple proofs of claim, and the Court will maintain separate claim registers for each of the Debtors.

e.      Future Hearings and Filings:  When filing documents and pleadings in paper format, all parties-in-interest shall file the same with the Clerk of the United States Bankruptcy Court, 350 South Main Street, Salt Lake City, Utah 84101.  Any party may request that a hearing be set in St. George, Utah, but unless the Court so directs, all future matters in the Cases should be heard at the United States Bankruptcy Court, 350 South Main Street, Salt Lake City, Utah 84101.

DATED this 1st day of October, 2009

Snell & Wilmer L.L.P.


/s/ *David E. Leta*
David E. Leta
Engels Tejeda
Timothy J. Dance

**Exhibit A**
(Order)

*Prepared by,*
David E. Leta (1937)
Engels Tejeda (11427)
Timothy J. Dance (11553)
**Snell & Wilmer L.L.P.**
15 W South Temple, Suite 1200
Salt Lake City, UT   84101
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800
Email:  delta@swlaw.com
         etejeda@swlaw.com
         tdance@swlaw.com

*Proposed Counsel for Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re | Bankruptcy No. 09-30444 - WTT |
| **SNOW CANYON GOLF PARTNERS, LLC**, a Utah limited liability company, 5224 N. Winchester Hills Drive, P.O. Box 530 St. George, Utah 84770 Tax Id No. xx-xxx8885 | Chapter 11 (Jointly Administered) [Filed Electronically] |
| Debtor-in-Possession[1] | **EXPEDITED SETTING REQUESTED** **ORDER DIRECTING THE JOINT ADMINISTRATION OF RELATED CASES IN SALT LAKE CITY, UTAH** |
| ☒   Affects all Debtors ☐   Affects the following Debtor(s): | |

---

[1]     This case is jointly administered with the Chapter 11 cases filed with the Court by Ledges Canyon Rim, LLC (Case No. 09-30445, Tax ID No. xx-xxx0941) and Ledges Rim Rock, LLC (case no. 09-30446, Tax ID No. xx-xxx7359).  The Debtors all have the same address, i.e., 5224 North Winchester Hills Drive, P.O. Box 530, St. George, Utah 84770.

10584985.2
09/28/09

The Court having considered the *Motion for Order Directing the Joint Administration of Related Cases* (the "**Motion**") filed in the above-captioned case, having considered all pleadings and documents filed in connection with the Motion, and good cause appearing, it is hereby

**ORDERED THAT:**

1.      The Motion is granted in its entirety.

2.      The following cases (collectively the "**Cases**") filed with the Court by the following entities (collectively the "**Debtors**") shall be jointly administered:

|    | Debtor | Federal Tax ID Number | Case Number |
|----|--------|----------------------|-------------|
| 1. | Snow Canyon Golf Partners, LLC | 20-2508885 | 09-30444 |
| 2. | Ledges Canyon Rim, LLC | 20-4920941 | 09-30445 |
| 3. | Ledges Flint Rock, LLC | 26-0147359 | 09-30446 |

3.      Except as provided herein, all papers, pleadings, monthly operating reports and orders in the Cases shall be filed in case number 09-30444, using a caption substantially conforming to **Exhibit "B"** appended to the Motion.  The docket for case number 09-30444 shall be, and hereby is, designated as the single pleadings docket for all pleadings with respect to the Cases.

4.      Each of the Debtors shall combine their mailing matrixes and file the same as an amendment to the mailing matrix currently on file in case number 09-30444.  At any time after entry of an order granting this motion, all notices to be served upon the mailing matrix of any one of the Debtors shall be served upon the combined mailing matrix.

10584985.2
09/28/09

5.      Each of the Debtors shall file its schedules and statement of financial affairs in its own individual case.

6.      Proofs of claims shall be filed in each Case in which the filing creditor is asserting a claim, and identify in the caption the case number and name of the Debtor against which the claim is asserted.   Absent further order of the Court, the claims registers in the Debtors' respective Cases shall be maintained separately for each Debtor by the Clerk of the Court.

7.      When filing documents and pleadings in paper format, all parties-in-interest shall file the same with the Clerk of the United States Bankruptcy Court, 350 South Main Street, Salt Lake City, Utah 84101.  Any party-in-interest may request that a hearing be set in St. George, Utah, but unless the Court so directs, all future matters in the Cases should be heard at the United States Bankruptcy Court, 350 South Main Street, Salt Lake City, Utah 84101.

------------------------------------------------end of order-------------------------------------------------

10584985.2
09/28/09

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____, 2009 I caused a true and correct copy of the foregoing to be served via U.S. Postage pre-paid, First Class Mail, upon the mailing matrixes filed in case numbers 09-30444, 09-30445 and 09-30446 as of said date.


_/s/_____


10584985.2
09/28/09

**Exhibit B**
(Caption)

[Counsel / Party]
[Address]
[Tel. No.]
[E-mail]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re<br><br>**SNOW CANYON GOLF PARTNERS, LLC**, a Utah limited liability company,<br>5224 N. Winchester Hills Drive,<br>P.O. Box 530<br>St. George, Utah 84770<br>Tax Id No. xx-xxx8885<br><br><br>Debtors-in-Possession[1] | Bankruptcy No. 09-30444 - WTT<br><br>Chapter 11<br>(Jointly Administered)<br><br>[Filed Electronically]<br><br><br>Hearing Date:<br>Hearing Time: |

☐    Affects all Debtors
☐    Affects the following Debtor(s):

**[Pleading or Document Title]**

---

[1]    This case is jointly administered with the Chapter 11 cases filed with the Court by Ledges Canyon Rim, LLC (Case No. 09-30445, Tax ID No. xx-xxx0941) and Ledges Rim Rock, LLC (case no. 09-30446, Tax ID No. xx-xxx7359).  The Debtors all have the same address, i.e., 5224 North Winchester Hills Drive, P.O. Box 530, St. George, Utah 84770.

10585051.2
09/28/09